IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CENTRAL UTAH WATER CONSERVANCY DISTRICT, a Water Conservancy District organized under the laws of the State of Utah,<br><br>               Plaintiff,<br><br>vs.<br><br>TRUMAN G. MADSEN, an individual, and ANN N. MADSEN, an individual,<br><br>               Defendants. | ORDER AND MEMORANDUM DECISION<br><br><br><br>Case No. 2:06 CV 361 |

      Plaintiff Central Utah Water Conservancy District ("CUWCD") initiated this action in the Eighth District Court of the State of Utah, seeking condemnation of property owned by Truman G. and Ann N. Madsen.  CUWCD alleges that condemnation of the Madsens' property is necessary to effectuate an expansion of the Big Sand Wash Dam and Reservoir in Duchesne County, Utah.  The Madsens removed the action to this court, arguing that federal agencies are real parties in interest and that CUWCD is pursuing the condemnation as the alter ego of the United States Bureau of Reclamation, all in an effort to circumvent the necessity of congressional approval.  Shortly after removal, CUWCD filed a motion seeking a remand to state court due to lack of federal jurisdictions.

      The Madsens have not sufficiently shown that this court has subject-matter jurisdiction over the complaint.  Accordingly, CUWCD's motion to remand is GRANTED.

## Analysis

The United States Code provides that the federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The United States Code also allows actions originally filed in state court to be removed to a federal court, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action . . . ." Id. § 1441(c).  In such a circumstance, "the entire case may be removed." Id.

However, "since the courts of the United states are courts of limited jurisdiction, there is a presumption against [the existence of federal jurisdiction]."  Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974); see also Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) ("Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.").

In Central Utah Water Conservancy District v. Cummings, 2:06-CV-362 (D. Utah, June 22, 2006), the court requested briefing on the existence of federal jurisdiction in a situation identical to that presented by this case.  In reaching its determination that a remand was necessary, the court dismissed arguments identical to those raised by the Madsens here.  Specifically, the court concluded that CUWCD's complaint confined itself to a state law claim of condemnation, with no reference to the involvement of federal agencies or federal law.  See id. at 4-6.  The court noted that "[a] federal right must be an essential element of the plaintiff's claim in the state complaint, as 'the controversy must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal.'" Id. at 3 (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)).

The CUWCD complaint at issue in this case is similarly confined to a proceeding governed by state law. Although the Madsens are correct that exhibits attached to CUWCD's complaint reference federal law and include a congressional resolution, the court in <u>Cummings</u> concluded that the inclusion of such material was limited to the purpose of providing relevant background to a proceeding that otherwise involves only a state entity invoking state law. 2:06-CV-362 at 6.

The rationale underlying the court's opinion in <u>Cummings</u> is persuasive. Accordingly, the court adopts the analysis undertaken in <u>Cummings</u> and orders that this matter be remanded to the state court. The Motion of Plaintiff Central Utah Water Conservancy District to Remand Action to State Court for Lack of Subject Matter Jurisdiction is GRANTED.

SO ORDERED this 14th day of August, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge